IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARRETT MCDOUGLE, #B83872**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17−cv–091−JPG |
| ) | |
| **RICHARD WATSON,** ) | |
| **PHILLIP MCLAURIN,** ) | |
| **THOMAS TRICE,** ) | |
| **NANCY SUTHERLAND, and** ) | |
| **LEVI BRIDGES,** ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jarrett McDougle, an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims the defendants subjected him to unconstitutional conditions of confinement during his time at St. Clair County Jail ("Jail"). (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: during his time at the Jail, Plaintiff was subjected to poor living conditions, including overcrowding, insects, and mice. (Doc. 1, p. 2). Plaintiff was not given adequate cleaning materials to clean his filthy showers, toilets, and other living areas, so he was subjected to foul odors, and he developed medical issues including scabies and skin rashes. (Doc. 1, p. 3). Plaintiff was also forced to sleep on the dirty floor with only a mattress cover while mice and insects were all around. *Id*. Though Plaintiff filed complaints per Trice's request, the defendants deliberately ignored the issues presented in the complaints and intentionally continued operating the jail "in a poor and life threatening manner." (Doc. 1, pp. 1, 3). Because the Complaint includes no dates, it is unclear when these violations occurred. Plaintiff seeks monetary damages and permanent injunctive relief requiring the constitutional violations at the Jail be corrected. (Doc. 1, p. 4). Plaintiff also requests an attorney be appointed to represent him. *Id.*

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –**   Defendants subjected Plaintiff to unconstitutional conditions of confinement while he was incarcerated at St. Clair County Jail in violation of the Eighth and/or Fourteenth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

The applicable legal standard for conditions of confinement claims depends on Plaintiff's status as a pretrial detainee or prisoner while at the St. Clair County Jail. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, while the Eighth Amendment applies to claims of inmates. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010). However, in cases involving complaints of unconstitutional conditions of confinement, both Eighth and Fourteenth Amendment case law can be used interchangeably. *Id.*

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second

requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

With respect to the first element, not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The Seventh Circuit has observed that "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Wilson v. Seite*r, 501 U.S. 294, 304 (1991); *see also Gillis v. Litscher*, 468 F.3d 493 (7th Cir. 2006); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). Pest infestations, if severe enough, may support a § 1983 conditions of confinement claim. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) ("Depending on how extensive the infestation of a prisoner's cell is, what the infesting pests are, what odors or bites or risk of disease they create, what particular psychological sensitivities the prisoner was known to have . . . , and how long the infestation continues, a trier of fact might reasonably conclude that the prisoner had been subjected to harm sufficient to support a claim of cruel and unusual punishment even if he had not contracted a disease or suffered any physical pain.").

With respect to the second element in conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

In this case, Plaintiff has identified numerous conditions that caused him physical harm and collectively support a claim for unconstitutional conditions of confinement. *See Thomas*, 697 F.3d at 614-15 (depending on the severity, duration, nature of risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). Further, the Complaint alleges that defendants were each involved in perpetuating these conditions. According to the Complaint, the defendants, all staff at the St. Clair County Jail, intentionally and deliberately operated the Jail in a poor and life threatening manner, denied and ignored Plaintiff's complaints that he filed at Trice's request, denied Plaintiff adequate cleaning materials on a daily basis despite his requests, and refused to address, or return, the complaints Plaintiff filed. (Doc. 1). Under the circumstances, Plaintiff shall be allowed to proceed with a claim for unconstitutional conditions of confinement (Count 1) against defendants Watson, McLaurin, Trice, Sutherland, and Bridges.

Notably, Plaintiff's request for permanent injunctive relief is moot. According to the Complaint, Plaintiff has been transferred from the St. Clair County Jail to Graham Correctional Center. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would

again be incarcerated at the jail under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citation omitted).

### Pending Motions

In his request for relief, Plaintiff requests to be appointed counsel in this case. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively precluded from doing so. This may be attributed to Plaintiff's failure to file a separate motion to appoint counsel on this Court's standard form for such a request. Regardless, because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel, and Plaintiff's request for the appointment of counsel is hereby **DENIED** without prejudice. To assist Plaintiff in filing a proper motion to appoint counsel, should he wish to do so, the Clerk is **DIRECTED** to mail Plaintiff a blank Motion for Recruitment of Counsel form.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **WATSON, MCLAURIN**, **TRICE**, **SUTHERLAND**, and **BRIDGES.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **WATSON,**

**MCLAURIN**, **TRICE**, **SUTHERLAND**, and **BRIDGES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 15, 2017

*s/J. Phil Gilbert*
**U.S. District Judge**