THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JARRETT MCDOUGLE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-91-JPG-DGW |
| RICHARD WATSON, PHILLIP MCLAURIN, THOMAS TRICE, LEVI BRIDGES, and NANCY SUTHERLIN, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 17). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Jarrett McDougle, an inmate at Graham Correctional Center ("Graham CC"), filed this lawsuit on January 30, 2017, for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that while he was detained at the St. Clair County Jail ("the County Jail") he was subjected to poor living conditions and was not provided adequate cleaning materials, which caused him to develop medical issues such as scabies and skin rashes (*see* Doc. 1). Following an initial screening of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on an Eighth and/or Fourteenth Amendment claim against Sheriff Richard

Watson, Superintendent Phillip McLaurin, Captain Thomas Trice, Lieutenant Nancy Sutherland, and Sergeant Levi Bridges for subjecting him to unconstitutional conditions of confinement.

On May 3, 2017, Defendants filed a Motion to Dismiss[1] pursuant to Federal Rules of Civil Procedure 12(c), 12(d), and 56(a) that is now before the Court (Doc. 17). In their motion, Defendants argue that Plaintiff's complaint was filed after the applicable two year statute of limitations period expired. Defendants also contend that Plaintiff has not demonstrated facts sufficient to suggest there is any reason for equitable or statutory tolling.

In support of their motion, Defendants rely on three exhibits evidencing the dates on which Plaintiff was held at the County Jail. These documents establish that Plaintiff was detained at the County Jail from May 21, 2013 until his release into the custody of the Illinois Department of Corrections ("IDOC") on October 16, 2013. The documents also evidence that Plaintiff has not been detained at the County Jail since October 16, 2013. Defendants ask the Court to convert their motion to a motion for summary judgment so it may consider the evidence submitted outside of the pleadings.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The Court applies the same standards for 12(c) motions that are applied when reviewing motions to dismiss under Rule 12(b)(6). *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). In particular, as with motions to dismiss filed under Rule 12(b)(6), judgment on the pleadings under Rule 12(c) is appropriate if "it appears beyond doubt that the plaintiff cannot

---

[1] Notwithstanding the title of their motion, Defendants seek judgment on the pleadings pursuant to Rule 12(c).

prove any facts that would support his claim for relief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989).

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The party who seeks summary judgment bears the initial burden of demonstrating the lack of an issue of material fact. *Celotex*, 477 U.S. at 323. When determining whether a genuine issue of material fact exists, the record is viewed in a light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## CONCLUSIONS OF LAW

First, the Court considers whether it is appropriate to convert Defendants' 12(c) motion to a motion for summary judgment. When a moving party attaches documents outside the pleadings to their 12(c) motion, a court must either convert the motion into a motion for summary judgment, or exclude the documents attached to the motion and continue its analysis under Rule 12. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The district court ultimately has discretion in determining whether to convert a motion to dismiss into a motion for summary judgment. *Id.* (citing *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The documents attached by Defendants provide critical information about the timing of Plaintiff's case, and signal that summary judgment is appropriate here. As such, this Court chooses to exercise its discretion to allow Defendants to proceed on a motion for summary judgment pursuant to Rule 56.

It is important to note that Plaintiff was provided a reasonable opportunity to present any evidence pertinent to Defendants' motion as Defendants clearly sought judgment as a matter of law pursuant to Rule 56 in their motion and filed a Rule 56 Notice advising Plaintiff of the perils of failing to respond (*see* Doc. 18).  Plaintiff did not file a response despite being provided ample time and opportunity.  Accordingly, the Court considers the facts presented by Defendants to be uncontroverted.  *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) ("[A] non-movant's failure to respond to a motion for summary judgment . . . constitutes an admission by the non-movant that there are no disputed issues of genuine fact . . . ."); *see also* SDIL-LR 7.1(c) ("Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion.").

The uncontroverted facts in this case establish that Plaintiff was detained at the County Jail on May 21, 2013 (*see* Doc. 17-1).  Plaintiff was later sentenced to confinement in the IDOC (*see* Doc. 17-2) and was transferred from the County Jail to Graham CC on October 16, 2013 (*see* Doc. 17-1).  Plaintiff has not been detained at the County Jail since October 16, 2013 (*see* Doc. 17-3).  As Plaintiff did not file this lawsuit until January 30, 2017, Defendants contend it was filed beyond the two-year statute of limitations and must be dismissed.  The Court agrees.

Although § 1983 does not contain an express statute of limitations, the Seventh Circuit "has consistently held that the appropriate statute of limitations for § 1983 cases filed in Illinois is two years as set forth in 735 ILCS § 5/13-202," which prescribes that actions for personal injury must be commenced within two years after the cause of action accrued.  *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998).  Here, it is apparent that Plaintiff's complaint was not filed until January 30, 2017; however, his cause of action began to accrue, at the latest, on October 16, 2013, the last day Plaintiff was detained at the County Jail and would have been

subjected to the conditions of confinement of which he now complains. Thus, Plaintiff's complaint was filed more than one year *after* the statute of limitations period expired.

Defendants further argue that Plaintiff has not demonstrated facts sufficient to suggest there is any reason for equitable or statutory tolling. The Court again agrees.

Although the Prison Litigation Reform Act requires plaintiffs to first exhaust administrative remedies, and the Seventh Circuit has held that "a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process," Plaintiff's transfer from the County Jail to Graham CC stopped any possible tolling for grievance filing. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); 42 U.S.C. § 1997(e)(a). In his complaint, Plaintiff mentioned that he submitted complaints about being subjected to poor living conditions while at the County Jail, but that there were "no grievance procedures" and his complaints were ignored (*see* Doc. 1). Nevertheless, once Plaintiff was transferred he clearly was not going to receive a response to any complaints he made while at the county jail, and therefore, the two-year statute of limitations period began to run. *See Diaz-Guillen v. Vieregge*, No. 3:15-CV-1101-NJR-DGW, 2017 WL 2645624, at *2 (S.D. Ill. June 20, 2017); *Merritte v. Lasalle County Sheriff's Office*, No. 14-C-7058, 2015 WL 8986857, at *7 (N.D. Ill. Dec. 16, 2015). Simply put, Plaintiff had two years from the date of his transfer on October 16, 2013 to file a complaint. The complaint he submitted on January 30, 2017 did not meet this deadline.

Based on these findings, the Court concludes the statute of limitations period expired by the time Plaintiff filed his complaint, and as a result, Defendants are entitled to judgment as a matter of law.

## RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 17) be **CONVERTED** to a Motion for Summary Judgment; that the Motion for Summary Judgment be **GRANTED;** that this action be **DISMISSED WITH PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 6, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**